BOARD OF TRUSTEES OF PUBLIC EMPLOYEES' RETIREMENT SYSTEM *v.* LOWRY

No. 40009 June 28, 1956 88 So. 2d 585

*Lester C. Franklin, Jr.*, Asst. Atty. Gen., *James T. Kendall*, Jackson, for appellant.

*Vardaman S. Dunn,* Jackson, for appellee.

**KYLE, J.**

This case is before us on appeal by the Board of Trustees of the Public Employees' Retirement System of Mississippi from a judgment of the Circuit Court of Hinds County ordering the issuance of a writ of mandamus to be directed to the Board of Trustees commanding the Board to accept the appellee, Ben S. Lowry, as a member of the Public Employees' Retirement System, and to verify the appellee's statement of prior service and to issue to him a prior service certificate, as provided in Section 14 of Chapter 299, Laws of 1952, Section 7446-14, Vol 5-A Recompiled, Mississippi Code of 1942.

The case arises under the Public Employees' Retirement Act of 1952, Chapter 299, General Laws of Mississippi, 1952. Section 7446-01 through Section 7446-29, Vol. 5-A Recompiled, Mississippi Code of 1942. Two substantive questions are presented in the appellee's petition for the issuance of the writ: (1) Whether the ap-

pellee. is eligible to become a member of the State Retirement System and is entitled to credit for state service rendered prior to the passage of the Retirement Act; and (2) whether mandamus is a proper remedy under the facts in the case.

The stipulation of facts upon which the case was tried in the lower court showed that the appellee, Ben S. Lowry, was 75 years of age at the time of the filing of his petition on November 15, 1954; that he had held a position as U. S. Deputy Marshal for the Southern District of Mississippi for approximately eleven years prior to June 24, 1953; that upon accepting Federal employment he became subject to the Federal Civil Service Act, and, as provided by law, deductions were made from his salary periodically at the rate of $2\frac{1}{2}$ per cent, and were credited to the "Civil Service Retirement and Disability Fund"; and that because of his age he was forced to resign his position as deputy marshal in 1953. The appellee resigned from active duty as U. S. Deputy Marshal on June 24, 1953, but, because of credit for current leave, was paid through June 30, 1953.

On June 23, 1953, the appellee applied for a "Disability Retirement Annuity", under the Federal Civil Service Act, but failed to qualify therefor, and on October 16, 1953, he applied for a regular retirement annuity under the Act, which by election was in lieu of an immediate lump sum annuity. His application for a regular retirement annuity was granted, and he received his first annuity payment in November 1953, retroactive to July 1, 1953. The first payment covered the period from July 1, 1953, inclusive, and the appellee has received monthly payments from the Civil Service Retirement and Disability Fund since that time in the amount of $88 per month.

Prior to June 29, 1953, the appellee was advised by the Motor Vehicle Comptroller of the State of Mississippi that he would be given employment by that department

as a field inspector with duties to be performed at highway inspection stations, as provided in the Motor Vehicle Comptroller statutes (Sections 10008-13 et seq.), Code of 1942; and the appellee presented himself for work on that date. The appellee continued to work for the Motor Vehicle Comptroller from June 29, 1953, to October 15, 1954, when he resigned and accepted a position as deputy circuit clerk of Hinds County.

The stipulation shows that at the time the appellee was employed by the Motor Vehicle Comptroller, the comptroller was acquainted with the appellee's prior employment record and the appellee's knowledge and experience derived therefrom, and that the comptroller knew that the appellee would be entitled to retirement allowances under the Federal Civil Service Act; that the comptroller's department was in need of competent personnel; that the appellee was employed at that time by the comptroller because of the special knowledge and experience which the comptroller considered the appellee possessed; and that the appellee performed his duties as field inspector with efficiency and to the satisfaction of the comptroller, and was paid a salary of $250 per month.

The record also shows that, prior to his appointment as U. S. Deputy Marshal in 1942, the appellee had been engaged in law enforcement and other state service activities in Mississippi for approximately 24 years, and, when the appellee's employment by the Motor Vehicle Comptroller became effective on June 29, 1953, he filed notice of such employment with the Board of Trustees of the Retirement System and endeavored to qualify as a member of the Retirement System and obtain credit for his prior state service. For a time deductions were made from the appellee's salary, along with those of other employees in the Motor Vehicle Comptroller's Department, for contributions to the Retirement Fund under Article II of the Act. But when the matter came to the attention of the Board of Trustees, the Board direct-

ed that the contributions so deducted be refunded to the appellee and that further deductions be not made. The appellee was then advised by the Board that he was not eligible to become a member of the State Retirement System and was not eligible for any prior service credit.

The appellee filed his petition for a writ of mandamus on November 15, 1954, and in his petition asked that the court adjudge that he was entitled to the benefits of the State Retirement System, and that the Board of Trustees be compelled by appropriate writ of mandamus to accept the appellee as a member of the State Retirement System, and to accept the appellee's contributions thereto, and to verify the appellee's statement of prior state service and issue to the appellee a prior service certificate.

The appellant in its answer denied that the appellee was eligible for coverage under Article II of the Public Employees' Retirement Act of 1952. The appellant admitted that the appellee had sought to establish his eligibility for coverage under the Act and for prior service credit, but denied that the appellant was required to make an investigation or to verify the appellee's prior service record, for the reason that the appellee was not entitled to prior service credit because of the fact that during the period of his employment by the Federal government he had made contributions to the Federal Civil Service Retirement and Disability Fund and was drawing retirement benefits under Federal law. The appellant also averred in its answer that the appellee was ineligible for membership in the State Retirement System, while working for the Motor Vehicle Comptroller, because of the provisions of Section 22 of the State Public Employees' Retirement Act, which provides that, "No person who is being paid a retirement allowance, or a pension, after retirement, under * * * any law of the United States, shall be employed or paid for any service by the State of Mississippi * * *" The appellant also averred that

the appellee was ineligible for membership under Regulation No. 8 adopted by the Board of Trustees, which required that any person who re-entered the State service after April 15, 1952, and prior to July 1, 1953, should furnish to the board satisfactory proof that the action necessary to permit his re-entry into State service had been put in motion prior to April 15, 1952. And finally the appellant averred in its answer that the appellant had not failed to act upon the appellee's request that he be accepted as a member of the State Retirement System and that he be issued a prior service certificate, but that the appellant had taken definite action thereon and had denied the request and had notified the appellee of its action in the matter.

The cause was submitted to the court upon the pleadings and the agreed stipulation of facts, and the court held that the appellee had qualified for membership in the Public Employees' Retirement System when he re-entered the State service on June 29, 1953, and that he was entitled to have issued to him a prior service certificate. The court held that the appellee was entitled to have a writ of mandamus issued, as prayed for in his petition. A judgment was therefore entered directing that the board accept the appellee as a member of the Retirement System as of June 29, 1953, and that the board verify the appellee's statement of prior service and issue to him a prior service certificate. The court held that the board's Regulation No. 8, a copy of which had been attached to the appellant's answer, was invalid because it contravened the plain provisions of the Retirement Act.

Two points are argued in the appellant's brief as grounds for reversal of the judgment of the lower court: (1) That the appellee was not eligible to become a member of the Retirement System and was not entitled to prior service credit, for the reasons stated in the appellant's answer; and (2) that the issuance of the extra-

ordinary writ of mandamus was not an appropriate remedy in the case.

 We have made a careful study of the provisions of the Public Employees' Retirement Act, and we are convinced that the appellee's employment by the Motor Vehicle Comptroller under the facts disclosed by the record in this case violated the provisions of Section 22 of the Act, and that the appellee was not eligible for membership in the State Retirement System as a result of that employment.

In view of the conclusion that we have reached on that point, it is not necessary that we consider the question as to the validity of the appellant's Regulation No. 8 referred to in the appellant's answer.

The State Retirement System was established for the purpose of providing retirement allowances and other benefits for officers and employees in the state service and their beneficiaries. Section 12 of the Act provides that, " 'Employee' means any person legally occupying a position in the state service." Persons employed in violation of the provisions of the Act are not entitled to membership in the state retirement system.

> Section 22 of the Act provides as follows: "No person who is being paid a retirement allowance, or a pension, after retirement under any law of this State, or under any ordinance or resolution of any municipal corporation, public board or commission of the State, or under any law of the United States, shall be employed or paid for any service by the State of Mississippi. This section shall not apply to any person employed as attorney on a fee basis, nor to any war veteran by virtue of the fact that he is receiving compensation for disability or retirement pay from any State or Federal agency, * * nor to any person employed because of special knowledge or experience."

It can be readily seen that Section 22 definitely prohibits the employment of any person who has been re-

tired on account of disability or age and is being paid a retirement allowance under either State or Federal law, except in the cases specifically mentioned.

The record in this case, as stated above, shows that the appellee resigned as U. S. Deputy Marshal on June 24, 1953, but because of credit for current leave was paid through June 30, 1953; that he applied for a "Disability Retirement Annuity", under the Federal Civil Service Act, on June 23, 1953, but failed to qualify therefor, and later applied for a regular retirement annuity, which was granted, effective July 1, 1953; that he was employed by the Motor Vehicle Comptroller as a field inspector for the Motor Vehicle Department on June 29, 1953; and the Comptroller had knowledge at that time that the appellee had served as U. S. Deputy Marshal for a period of eleven years and would be entitled to retirement allowances under the Federal Civil Service Retirement Act.

Three points are argued by the appellee's attorney in support of his contention that the prohibition contained in Section 22 is not applicable to the appellee's employment as a field inspector by the Motor Vehicle Comptroller on June 29, 1953: (1) That the appellee was employed as a field inspector by the Motor Vehicle Comptroller "because of the special knowledge and experience" which the Motor Vehicle Comptroller considered the appellee to possess; (2) that the Motor Vehicle Comptroller is given broad discretion in the employment of personnel; that in his opinion and judgment the appellee had sufficient special knowledge and experience to qualify him for said position; and that the Comptroller employed the appellee with full knowledge of the fact that the appellee was entitled to receive retirement pay under Federal law when he retired June 30, 1953, and that the Comptroller's decision should have been accepted by the Board of Trustees as final; and (3) that the appellee

was not being paid a retirement allowance at the time he was employed.

But we think that the facts disclosed by the record in this case do not warrant a finding that the appellee came within the exception mentioned in Section 22, which excludes from the operation of that section "any person employed because of special knowledge or experience." The stipulation does not show, and there is nothing in the record to show, that the duties which the appellee was employed to perform as a field inspector were duties which required "special knowledge or experience." The word "special" means, "distinguished by some unusual quality; uncommon, noteworthy; extraordinary.: Webster's International Dictionary, Second Edition, p. 2413. There is nothing in the record to show that the appellee had any special knowledge of the duties which he was employed to perform, or that he had ever had any experience whatsoever in the operation of highway inspection stations, such as those provided for in Section 13 of Chapter 344, Laws of 1952.

It is true that the Motor Vehicle Comptroller, as the executive head of the department, is given broad discretion in the matter of the employment of personnel. But the Comptroller's discretion cannot override the provisions of the statute. Under the provisions of Section 22 a person who is being paid a retirement allowance under Federal law is not eligible for any employment to be paid for by the State of Mississippi, unless he comes within one of the exceptions mentioned in Section 22, and a person claiming the benefit of any such exception must show that he comes within the exception. It is not enough that the claimant show that the departmental head has employed him because of the special knowledge and experience which the departmental head considered the claimant to possess, or that the departmental head decided that the claimant "was lawfully entitled to be employed in said service and paid therefor." If

the court should adopt that construction of the statute, departmental heads might employ any number of retired clerks, bookkeepers, field inspectors or other assistants, after their retirement under State or Federal law, and claim with some show of reason that each of them had been employed because of special knowledge or experience; and Section 22 would be rendered entirely meaningless.

We think that the exception invoked in this case can be invoked only in cases where it clearly appears that there is a real need for the services of a person who possesses ''special knowledge or experience'' to perform properly the duties of the employment, and that the person employed possesses that special knowledge or experience. No such proof was made in this case.

The Board of Trustees of the State Retirement System, set up under Section 7 of the Act, was charged with the general administration of the Act and the proper operation of the retirement system, and the Board had a right to challenge the validity of the appellee's employment by the Motor Vehicle Commissioner, when the appellee applied for a prior service certificate as a member of the state retirement system. And we do not think that the Board's right to examine into the matter was foreclosed by the appellee's obtaining employment with the Motor Vehicle Comptroller two days before his resignation from his Federal employment became effective and two days before his retirement pay was to begin.

We think that the trial judge erred in holding that the appellee was qualified for membership in the State Retirement System and was entitled to have issued to him a prior service certificate.

For the reasons stated above the judgment of the lower court is reversed, and the appellee's petition for the issuance of a writ of mandamus is dismissed.

Reversed and judgment rendered for the appellant.

*Roberds, Hall, Holmes* and *Gillespie, JJ.*, concur.